UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christine Goodwin, | No. C 07-1924 JL |
| Plaintiff, | |
| v. | **ORDER AND NOTICE OF FURTHER CASE MANAGEMENT CONFERENCE** |
| California Department of Corrections Rehabilitation, et al., | |
| Defendants. | |
| _____/ | |

This is an action for wrongful death and constitutional violations against the California Department of Corrections & Rehabilitation and individual defendants, initially brought by plaintiff Christine Goodwin, the mother of decedent Scott Fitzgerald, on her own behalf and as guardian ad litem for the minor plaintiff Santos Eddie Fitzgerald, decedent's son and her grandson. The Court has since removed Ms. Goodwin as guardian ad litem, substituted the child's mother, Jessica Cruz-Dominguez, and appointed counsel to represent the child.

On March 9, 2010, the Court received a telephone call and a faxed letter from Ms. Goodwin, regarding the March 10, 2010 Case Management Conference. The notice for this proceeding was sent by the Court on February 10, one month prior. Ms. Goodwin advised the Court that she had suddenly become very ill and would be unable to attend the conference. She described her illness as a relapse of deep grieving, and missing her son,

due to the circumstances and nature of his death, and depression at not being able to obtain legal representation. She asked this Court to continue the conference and appoint counsel to represent her pro bono.

The Court finds that Ms. Goodwin's grief at her son's death over four years ago is understandable, but also that as a plaintiff in this case, she must expect to have to cope with her grief as she prosecutes her lawsuit. With respect to Ms. Goodwin's request for appointment of counsel, this Court has attempted over a period of one year, since February 2009, to obtain pro bono representation for Ms. Goodwin, but is unable to find an attorney willing to accept her case on that basis. (Orders e-filed February 17, 2009 at Docket # 34, and September 14, 2009 at Docket # 36)

Ms. Goodwin also expressed concern that the Court had removed her as guardian ad litem for her grandson, the minor plaintiff, Santos Eddie Fitzgerald, the son of the decedent, and substituted the child's mother, Jessica Cruz-Dominguez. Ms. Goodwin objected that defense counsel had filed a motion without notifying her of the hearing and the so-called motion to change the guardian ad litem had been decided without an opportunity for her to object.

As Ms. Goodwin should know from the Court's Order e-filed on September 8, 2009 at Docket # 35, the Court on its own motion, without any motion being filed by defense counsel, removed her as guardian and substituted Ms. Cruz-Dominguez, her grandson's mother, due to the inherent conflict of interest that arises when one plaintiff is guardian ad litem for another:

> The court has broad power to appoint a guardian ad litem of its own choosing (even when there is a guardian of estate), and on its own motion. CCP §373. The court should use this discretion when there is a conflict of interest. CCP § 372(a).

(Order at 2:3-5)

Ms. Goodwin had been appointed as guardian ad litem by the Marin County Superior Court, where this lawsuit was first filed. The most common practice where a minor is a plaintiff in an action for personal injury or wrongful death, as in this case, is to have a parent appointed as guardian ad litem on behalf of the minor at the inception of a

United States District Court
For the Northern District of California

1  lawsuit. See California Code of Civil Procedure ("CCP") § 372. A parent is preferred over
2  other candidates for the role of guardian ad litem, based on the provisions of Probate Code
3  § 3500. Accordingly, this Court on its own motion removed Ms. Goodwin, the minor
4  plaintiff's grandmother, who is also a plaintiff in this lawsuit, and appointed Ms. Cruz-
5  Dominguez, the minor plaintiff's mother, who is not a plaintiff, as guardian for the minor
6  plaintiff, to avoid the inherent conflict of interest.

7        Ms. Goodwin also argues that Ms. Cruz-Dominguez lacks standing because she
8  was not married to decedent. Ms. Cruz-Dominguez does not need standing, since she is
9  not a party to this lawsuit.

10       Ms. Goodwin also objects to the qualifications of the attorney appointed to represent
11 her grandson as having expertise in the area of employment rather than wrongful death.
12 This Court is satisfied that a qualified attorney was appointed. (Order e-filed September 8,
13 2009 at Docket # 37).

14       At the Case Management Conference on March 10, this Court lifted the stay of
15 discovery and set a further Case Management Conference for June 23, 2010 at 10:30 a.m.
16 Ms. Goodwin will therefore have more than four months to seek an attorney to represent
17 her, to conduct discovery, and to prepare for the next proceeding before this Court,
18 whether or not she obtains counsel.

19       IT IS SO ORDERED.
20 DATED: March 11, 2010

                                                              James Larson
                                                       U.S. Magistrate Judge

G:\JLALL\CASES\CIVIL\07-1924\Further CMC.wpd