UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christine Goodwin, | No. C 07-1924 JL |
| Plaintiff, | **ORDER** |
| v. | |
| California Department of Corrections Rehabilitation, et al., | |
| Defendants. | |
| _____/ | |

**I.      INTRODUCTION**

Plaintiff Christine Goodwin has filed a Notice of Appeal of the order granting summary judgment entered in this Court after a hearing in the above-captioned matter. See Docket No. 50. The Court has granted Plaintiff's request to proceed in forma pauperis on appeal. See Docket No. 66. Plaintiff brings the present motion to obtain the pertinent motion hearing transcript at government expense.

For the reasons stated below, the request is GRANTED.

**II.     DISCUSSION**

**A.     Legal Standard**

A litigant who has been granted leave to proceed in forma pauperis on appeal may move to have transcripts produced at government expense. 28 U.S.C. § 753(f); *McKinney v. Anderson*, 924 F.2d 1500, 1511-12 (9th Cir. 1991) (production of transcript at

government expense for in forma pauperis appellant in civil case proper if trial judge certifies "that the appeal is not frivolous and presents a substantial question"), overruled on other grounds by *Heller v. McKinney*, 502 U.S. 903, 112 S.Ct. 291, 116 L.Ed.2d 236 (1991). There are two statutes to consider in connection with such a request. See e.g., *Morgan v. Doran*, 2007 WL 1080580, *1-2 (April 4, 2007, E.D.Cal.). First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis.

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court.... Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts. 28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the appeal is not frivolous and the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). A request for a transcript at government expense should not be granted unless the appeal presents a "substantial question." *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir.1984). A substantial question exists where the issue before the court of appeals "is reasonably debatable." *Washburn v. Fagan*, 2007 WL 2043854, *2 (July 12, 2007, N.D. Cal.) (citations and internal quotations omitted). If there is any doubt as to the merits, the issue of providing a transcript at government expense should be resolved in favor of the appellant. *Id.*

### B. Application of the Law to the Facts of the Case

In her Notice of Appeal, Plaintiff appeals this Court's Order granting Defendants' motion for summary judgment (Docket No. 50). This Court ruled that Ms. Goodwin does not have the essential element of standing to pursue survival actions, including those arising from the 42 U.S.C. § 1983 claim, on behalf of the decedent's estate because she has not established that she is the personal representative of the estate, nor is she the successor in interest. The Court held that Ms. Goodwin does not have standing to pursue a

1  wrongful death action on her own behalf because the decedent left issue and Ms. Goodwin
2  did not establish that she was dependent on the decedent at the time of his death.
3  Additionally, the following persons mentioned in the complaint had not been served: Eddie
4  Ylst, Brian T. Haub, Nathan T. Gaughan, R. Mullen, Michael Scott, and Doe Emergency
5  Medical Response, and pursuant to Fed. Rule Civ. Proc. 4(m) this Court granted with
6  prejudice Defendants' Motion to Dismiss the aforementioned unserved Defendants.

7  Ms. Goodwin in her Notice of Appeal claims that her son was an integral part of her
8  real estate business, that her business has suffered as a result of his death, that her former
9  attorney committed legal and procedural errors which led to the termination of her
10 participation in this case, that she was not provided with appointed counsel to assist her
11 after her attorney withdrew, and that she was not informed of court proceedings or served
12 with court documents.

13 Based on issues identified in the Plaintiff's notice of appeal, the Court finds that the
14 appeal presents a substantial question, i.e., the issues before the court are "reasonably
15 debatable." *Washburn v. Fagan*, supra at *2. The request for transcripts at government
16 expense is therefore GRANTED.

17 **III.    CONCLUSION**

18 For the foregoing reasons, the Plaintiff's request to obtain transcripts at government
19 expense is GRANTED.

20 IT IS SO ORDERED.

21 DATED: January 12, 2011

_____
James Larson
U.S. Magistrate Judge